LAMB ET AL. v. THE COUNCIL BLUFFS INS. CO.

1. **Practice on Appeal:** QUESTIONS NOT CONSIDERED. Where there has been judgment for plaintiff against the defendant, and the defendant appeals therefrom, and an intervenor in the case has been defeated in his claims against both plaintiff and defendant, but does not appeal, this court will not, on defendant's appeal, consider alleged errors of the trial court in passing upon questions which arose between the defendant and intervenor.

2. **Fire Insurance:** POLICY AND APPLICATION READ TOGETHER: CONDITION AS TO TITLE WAIVED. Where a policy of fire insurance was based on the condition that the insured was the fee simple owner of the property, but it provided also that the application of the insured was to be considered as a part of the policy, and the application clearly showed that the insured was not the fee simple owner, *held* that the company, by thus accepting the risk, waived the condition in the policy as to title, and could not set up want of title in fee simple to defeat an action on the policy.

3. **Vendor and Vendee:** CONTRACT FOR DEED: CONSTRUCTION: EQUITABLE TITLE. A contract for the sale of land provided for payment of the purchase money by installments, and that, in case of the non-payment of any installment for sixty days after due, the whole amount unpaid on the contract should become due, and that the contract should be no longer binding upon the obligor; but that the obligor would convey to the obligee the land in question upon the payment of the purchase money. *Held* that the obligee had an equitable title in the land, and not a mere leasehold interest.

4. **Fire Insurance:** FALSE ANSWERS BY INSURED: "WHEN BUILT:" PARLANCE OF INSURANCE: OLD AND NEW MATERIALS. Where the insured building was actually erected in 1883, but the materials were partly new, and partly taken from an old building which had stood elsewhere, *held* that the assured in his application, in answer to the question "When built?" correctly and truly answered, "In 1883;" and in an action on the policy the court properly excluded evidence offered to show that, in the business of insurance, the words "when built" refer only to buildings constructed wholly of new materials.

5. ————: PROOFS OF LOSS: FALSE CLAIM TO PROCEEDS: WHAT IS NOT. Where the insured had, on the day of the loss, assigned an interest in the policy to another, a statement made by him in his proofs of loss that the amount claimed of the company was $1,450, the whole amount of the loss, without informing the company of the assignment, was not

a false statement or a fraudulent claim, since it was not a statement or claim that the whole amount was due to the insured.

6. ——: ——: ——: VOLUNTARY ASSIGNMENT OF POLICY. Where the assured has, on his own motion, made an assignment of his policy, after loss, to another, but that other has not accepted it, it amounts to nothing, and does not render fraudulent the claim of the assured that the proceeds belong to him.

*Appeal from Decatur District Court.*

FRIDAY, DECEMBER 10.

ACTION on a policy of insurance against loss or damage by fire. The defenses pleaded and relied on are sufficiently referred to in the opinion. Trial by jury. Judgment for plaintiff, and defendant appeals.

*Sapp & Pusey* and *C. C. McIntire* for appellant.

*Young & Parish*, for appellee.

SEEVERS, J.—I. To the petition of intervention of Bowersock, the defendant demurred on the ground that the action, as to him, was barred by the statute of limitations. The demurrer was overruled. The court also gave certain instructions bearing on the issue between him, the plaintiff and defendant, which the latter claims to be erroneous. The jury found that the plaintiff was entitled to recover the whole amount of the loss and therefore found against Bowersock's right to recover. Now, it seems to us to be wholly immaterial, as far as the defendant is concerned, whether the court erred or not in the above-mentioned respect. Bowersock has not appealed, and the defendant and plaintiff both have succeeded in defeating him, and, clearly, we could not reverse the plaintiff's judgment, even if the court did err, as between him and the defendant.

1. PRACTICE on appeal: questions not considered.

2. FIRE insurance: policy and application read together: condition as to title waived.

II. The policy contains this provision: "It being understood, unless otherwise expressed in this policy, that the interest of the assured is the entire, unconditional and sole ownership of the property; and that all buildings intended to be insured by this policy stand on ground owned in fee-simple by the assured." There was a copy of the application on the back of the policy, and it is stated in the policy that the terms and stipulations thereof are hereby declared to be a part of this contract, "and are to be resorted to in order to determine the rights and obligations, of the parties hereto." The property insured consisted of a frame building, and a stock of merchandise therein.

The assured answered certain questions contained in the application as to his title, and the character thereof, as follows: "*Title.* Are you the sole and undisputed owner of the property proposed for insurance? Yes. *Nature of Title.* Have contract with Town Company; only part paid." The defendant insists that the policy became void and of no effect, for the reason that the assured was not the sole owner in fee-simple of the property insured. It is obvious that the answers to the foregoing questions, separately considered, are inconsistent; and it further clearly appears that the assured did not own a fee-simple title. But, assuming for the present that the assured correctly stated his title in the application, and the company, with full knowledge, accepted and assumed the risk, it should not now be permitted to say that the policy was void when issued. The defendant knew when it issued the policy that the assured did not own the fee-simple title to the real estate, and it knew precisely what title he had, and, so knowing, issued the policy. If there was a false statement, the defendant so knew, and must be held to have waived the conditions of the policy in this respect. It is said, however, that the false statement is not contained in the policy, and therefore, because of the terms of the policy, the defendant cannot be said to have waived its conditions. But the

application is made a part of the policy in the same sense as if it was set out at length on the face thereof, and the defendant is bound thereby.

3. VENDOR and vendee: contract for deed: construction: equitable title.

III. The building destroyed was situate on lot No. 24, in block 19, in the town of Grand River. This lot was purchased by Laura A. Lamb, and the contract referred to in the application was executed to her in August, 1883. A small part of the consideration was paid in cash, and the first deferred payment became due in February, 1884, and it had not been paid when the loss occurred, which was more than sixty days after it became due. The contract provides that, in case of non-payment of any "payment * * * for the space of sixty days after the same shall become due, then, and in that case, the whole amount unpaid on this contract shall become due and payable without further notice, and the contract will be no longer binding on the obligor. The obligor therein agrees to sell and convey to Laura A. Lamb the lot above mentioned, and to convey the same to her upon the payment of the purchase money." It is said that, under this contract, Laura A. Lamb did not obtain any title whatever, or, as we understand counsel, any greater interest thereto than the right to its use and occupancy. We, however, think the contract amounted to a conditional sale, with an agreement to convey, and vested in Laura A. Lamb an equitable title. The contract amounts to more than a simple lease, and it must be either that or a conditional sale. However this may be, the assured simply stated that he held under a contract, and so he did. Laura A. Lamb had assigned her right to him, and therefore he made no false representation as to the title. In this connection it is proper to say that plaintiff did not make any false statement in the proofs of loss, as to the title, with intent to deceive or defraud the company.

IV. In the application the insured was asked when the building was built. He answered, "In 1883." The evi-

4. FIRE insurance: false answers by insured: "when built:" parlance of insurance: old and new material.

dence shows that there was a building at some other place, which was torn down, and the material used, together with certain new material, in the construction of the building insured. The statement in the application, therefore, is literally correct. The building insured was built in 1883, but both new and old material was used in constructing it. But the appellant contends that in "insurance parlance, and in the business of insurance, the words 'when built' refer only to a building constructed entirely from new material," and the appellant sought to introduce evidence to establish such fact, but the court, as we think rightly, excluded it. It was not proposed to show that the assured had any knowledge of the fact proposed to be established. All he was bound to do was to answer the questions asked him correctly. If he had been asked whether the building was constructed of new or old material, it must be assumed that he would have answered according to the fact.

V. The loss occurred on the nineteenth day of May, 1884, and on the same day the assured, on his own motion, signed a writing in these words: "For value received I hereby transfer and assign to J. D. Bowersock * * * the sum of three hundred and twenty-two dollars in a certain insurance policy issued" by the defendant, thereby referring to and meaning the policy upon which this action is based. The policy provides that "any fraud," or "attempt at fraud," or "false swearing," to, or in relation to, the proofs of loss, renders the policy void; and it is pleaded that in making the proofs of loss, and swearing thereto, the assured claimed that the whole amount of the loss was due and payable to him, and did not inform the defendant that he had made the assignment above stated. It is not pleaded as a defense that the proofs of loss are not sufficient, and that for this reason the defendant is not liable, but that the proofs are incorrect and false in the particular just stated. The proofs of loss do not state that the whole

5. ——: proofs of loss: false claim to proceeds: what is not.

amount of the loss is due and payable to the assured, and in this particular the proofs may, under the terms of the policy, have been deficient. But no objection was made thereto, nor, as we have said, was such insufficiency pleaded as a defense. The only statement in the proofs of loss bearing on the question as to whom the loss was due and payable is the following: "Amount claimed of the Council Bluffs Insurance Company, of Council Bluffs, Iowa, $1,450. The property insured belonged exclusively to J. P. Lamb." The last statement is literally correct, and we cannot, as a matter of law, say that the assured swore falsely in swearing to the proofs of loss, or that he thereby intended or attempted to defraud the company; for he does not state that the amount claimed is due and payable to him, but simply that he claims there is due on the policy the sum above mentioned.

Besides this, the plaintiff claims that the assignment to Bowersock was a voluntary act on his part, and that it had never been accepted by Bowersock, or, if it ever was, that the assured did not have knowledge of such acceptance at the time he made out the proofs of loss; and this issue, under proper instructions, was submitted to the jury, and this issue must have been found for the plaintiff. It is quite clear we think, that the assured could not vest an interest in the policy in Bowersock without his consent or knowledge. Unless Bowersock accepted the assignment, it amounted to nothing, and was without force or effect, and plaintiff was entitled to the full amount of the loss, and he had the undoubted right to so state and claim. What we have said as to Bowersock applies with full, if not greater, force to the other intervenors, Hamill & Co.

6. ——: ——: ——: voluntary assignment of policy.

VI. The court, in substance, charged the jury that "fraud will never be presumed, but must be proved. Still, fraud, like any other fact, may be proved by showing facts and circumstances from which the inference is natural." If we

understand counsel, this instruction is not objected to as being abstractly incorrect, but that it is not applicable to the facts in this case. In this we do not concur, and what we have said heretofore sufficiently expresses our views as to the question of fraud arising in the case.

It is insisted that the third instruction asked should have been given, but we think the charge of the court covers, substantially, the same ground, and therefore there was no error in refusing the instruction asked.

The jury found for the plaintiff, and judgment was accordingly entered; but the court found that Bowersock, and Hamill & Co., the intervenors, were entitled to an interest therein, and directed that the clerk, when the money came into his hand, should pay certain amounts to them. This disposition of the fund or judgment must have been made with the consent of the plaintiff. If not, we can readily see that he would have serious grounds to complain; but we are unable to see how the defendant is in any way prejudicially affected by the order made by the court.

We have endeavored to consider what we regard as the material questions argued by counsel, but, as the number of errors assigned is unusually large, it is possible that some of the minor errors which we do not think were prejudicial are not referred to.

<div align="right">AFFIRMED.</div>