## KEY v. THE DES MOINES INSURANCE COMPANY.

1. **Insurance Against Wind:** FALSE STATEMENTS AS TO ENCUMBRANCE : KNOWLEDGE OF AGENT. The property insured in this case was held by plaintiff under a title bond, on which plaintiff had paid some interest, but none of the principal, and the interest so paid, and the money expended for the insured building, was the extent of the plaintiff's interest in the property. Defendant's soliciting agent was, at the time of taking the application, informed of these facts, but it was his opinion that they created no encumbrance on the property, and in accordance with that opinion plaintiff stated in the application that the property was not encumbered. *Held* that the knowledge and conduct of the agent bound the company, and that it could not avoid liability on the policy on account of the false statement in the application, although the policy provided that any such false statement should render it void. (See cases cited in opinion.'

2. **Evidence:** ERROR WITHOUT PREJUDICE. The admission of incompetent evidence is not prejudicial when it tends only to prove a point admitted, nor when a statement proved thereby could not reasonably be regarded by the jury as relating to the point in issue. (See opinion for illustrations.)

3. **Insurance:** ADJUSTMENT OF LOSS UNDER MISTAKE: EVIDENCE. Defendant claimed that its agent adjusted the loss in question, believing that the property was free from encumbrance, when it was not ; and it now seeks to avoid paying the loss on that ground. *Held* that it was proper to admit evidence tending to show that the adjusting agent's attention was called to the encumbrance before he adjusted the loss.

4. **Instructions:** ERROR WITHOUT PREJUDICE. An instruction which requires plaintiff to establish facts, which the statute says shall be regarded as true, cannot be prejudicial to defendant, though there is no evidence of the facts referred to in the instruction. (See opinion for illustration.)

5. **New Trial:** SURPRISE: EVIDENCE NOT PREJUDICIAL. A new trial is properly refused on the ground of surprise in certain testimony, where it appears that such testimony was not prejudicial to appellant.

*Appeal from Taylor District Court.* — HON. R. C. HENRY, Judge.

FILED, FEBRUARY 6, 1889.

THIS is an action on a policy of insurance, to recover for loss sustained by reason of a high wind. The cause was tried to a jury, and a verdict and judgment rendered in favor of plaintiff. The defendant appeals.

*Cole, McVey & Clark*, for appellant.

*Crum & Haddock*, for appellee.

ROBINSON, J.—The policy of insurance upon which this action was brought in terms insured plaintiff against loss or damage by high winds, cyclones or tornadoes, on his dwelling house and contents, to the amount of three hundred dollars, for the term of five years, commencing on the second day of May, 1883. On the fourteenth day of April, 1886, the property aforesaid was destroyed by a high wind. A few days after the loss it was adjusted by an agent of defendant at two hundred and fifty dollars. Plaintiff demands judgment for that amount, with interest, and recovered it in the court below.

I. The policy was issued on the application of plaintiff, taken by a soliciting agent of defendant, and prepared by him. The application stated

1. INSURANCE against wind: false statements as to encumbrance: knowledge of agent.

that the plaintiff was the sole and undisputed owner of the property on which insurance was desired, and that it was not encumbered, and warranted such statements to be true. The policy contained a provision making the application a part of the policy, and a warranty on the part of plaintiff, and making the policy void if there was any encumbrance existing upon any of the property insured at the date of the policy, not made known in the application. Defendant alleges that after the adjustment of the loss it discovered that the statements of the application in regard to title and encumbrance were untrue, and that the written proof of loss

signed by plaintiff, and delivered to defendant, contained the same false statements ; and that by reason of said false statements, and the terms of the policy, it is released from all liability on account of the loss.   It was admitted by both parties on the trial that plaintiff at the time the application was made resided on the land in question, and in the house destroyed ; that he held the land by title bond, and that no part of the purchase price of said land had been paid ; that some interest had been paid ; and that the improvements on the land and the interest paid represented all the interest of the plaintiff in the premises.   There is conflict in the testimony as to what was said at the time the application was proposed, but the plaintiff testified, and the jury were authorized to find, that the terms on which plaintiff held the land, the amount of the purchase price and time of payment were fully explained to the agent ; that the agent then said "that did not tell in the policy," but that in case the payment became due, and plaintiff obtained a loan on the place, he would have to send to the company for permission to do so.   The facts seem to have been known to both plaintiff and the agent, but they erred in supposing that their effect was to make plaintiff the sole and undisputed owner of the land, and that the deferred payment did not constitute an encumbrance on it.   It is claimed by appellant that the application was a fraud upon it, to which the plaintiff was a party, and that by reason of such fact it is not estopped from relying upon the false statements and breach of warranty as a defense.   There is no ground for believing that any wrong was intended by either the plaintiff or the agent.   The latter was fully informed as to the facts, and his knowledge was the knowledge of his principal.   The agent stated that the facts as disclosed to him made plaintiff the sole owner of the property, and that the unpaid portion of the purchase price was not an encumbrance thereon, and he prepared the application in accordance with his opinion.   When plaintiff signed the application, and when he prepared his proof of loss, he did so in accordance with the

defendant's theory of his title, as declared by its agent in securing the application, and without any intent to defraud. Under these circumstances, the defendant should not be permitted to take advantage of the mistake. Its agent was chiefly responsible for it. *Lamb v. Insurance Co.*, 70 Iowa, 240 ; *Stone v. Insurance Co.*, 68 Iowa, 740. That plaintiff knew the contents of the application when he signed it is not material, in view of all the facts in the case.

II. Plaintiff was permitted to testify that after he received his policy he sent it to defendant by one of its

**2. EVIDENCE: error without prejudice.**

agents named Owen, to have a slight correction made, and asked him to take it to an officer of the company named Gatchell, and see if it "was all right;" that Owen took the policy, and returned it, with the correction made, and told plaintiff that Mr. Gatchell said : " The other is all right, as your agent told you." Defendant objected to this testimony, on the ground that Owen's acts and statements would not bind the company, but its objection was overruled. It may be conceded that it was not shown that Owen had authority to bind the defendant by his declarations and acts, but the correction of the policy is admitted, as we understand the record, and the remark attributed to Gatchell could not have been prejudicial to defendant. The alleged defect in the policy had not been mentioned to Owen, and the jury could not have understood that it was referred to by Gatchell. Whatever the remark was intended to refer to, it could not have been construed as stating that the policy was in all respects valid.

III. A witness who drove the adjuster of defendant out to the plaintiff's, when the adjustment was

**3. INSURANCE: adjustment of loss under mistake: evidence.**

made, was permitted to testify that he told the adjuster, in answer to a question in regard to encumbrance on the land, that he "took a lady out that claimed she had papers against it;" that this statement was made before the adjustment was completed; and that on their way

back the adjuster said, in substance, that he had settled with plaintiff. In this there was no prejudicial error. Defendant did not deny the adjustment, but claimed that it was made under a mistake of fact. The conversation had with the agent before the adjustment was made tended to show that his attention was called to the matter of encumbrances in due time to have considered them before adjusting the loss.

IV. The court charged the jury that if they found from the evidence "that the soliciting agent who took plaintiff's application for insurance was authorized by defendant to receive and forward applications, and to deliver policies, and collect and transmit premiums," and that he was told the facts in regard to the title of plaintiff at the time he took the application, then his knowledge would be the knowledge of the defendant; and if defendant received the premium, and issued the policy, it would be bound by the knowledge of its agent, and would be held to have waived any misstatement in the application. This paragraph of the charge is objected to by defendant for the reason that there was no evidence that the soliciting agent had authority from defendant to deliver policies, and collect and transmit premiums. It is true that there was no evidence of that kind, but in taking the application the agent acted for defendant. Acts 18th Gen. Assem., sec. 1, ch. 211. Therefore it is chargeable with knowledge of the facts made known to the agent at that time, and the paragraph of the charge in question was erroneous in requiring greater proof than was necessary. But the error could not have prejudiced defendant, and the verdict did not depend upon the existence of the authority in question.

*4. INSTRUCTIONS: error without prejudice.*

V. One of the grounds of the motion for a new trial was alleged surprise on the part of defendant, caused by the testimony of plaintiff in regard to the agency of Owen. It is claimed that he was never the agent of defendant, and that such fact can be shown. Waiving

*5. NEW trial: surprise: evidence not prejudicial.*

the question of diligence on the part of defendant in not making a showing before the submission of the case to the jury, we have to say that, in our opinion, the ground was not well taken. As already shown, the statement of Owen in regard to what Gatchell said could not have been prejudicial to defendant, and the fact of the correction of the policy was not denied. It also appears that the officer who makes the showing of surprise testified during the trial in regard to the agency of Owen.

VI. Other questions discussed by counsel for appellant have been duly considered. We discover no sufficient ground for disturbing the judgment of the district court. It is therefore

AFFIRMED.