## ADEN CAREY v. THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

**Insurance:** CHANGE OF OWNERSHIP. A husband took a policy on the homestead, and transferred the homestead to his wife. She obtained a renewal of the policy, and it, too, was written in the name of the husband. She told the true state of facts to the agent when the application for the renewal was taken. *Held*, the husband having an insurable interest in the homestead, he can recover on the policy for the reason that the insurer, having written the policy with knowledge of the true ownership, is estopped to defend with said misstatement.

EVIDENCE. That such information was given the agent is admissible, though no reformation of the policy is prayed.

POLICY CONSTRUED. That the husband made proof of loss to collect the policy is not "an attempted fraud by false swearing," which avoids the policy.

*Same.* Facts stated, and held not to show that a bond for deed was a sale and delivery of the insured property, such as to avoid the policy.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

### FRIDAY, APRIL 10, 1896.

PLAINTIFF brought this action at law to recover eight hundred dollars and interest, upon a policy of insurance against loss by fire, issued to him by the defendant. He alleged a loss, and that notice and proofs thereof were duly made; also, that the provision in the policy, that "loss, if any, payable to Scottish-American Mortgage Co., Limited, of Scotland, mortgagee or assigns," was waived by said mortgagee, both orally and in writing, and set out the

writing. Said mortgage company was made a defendant, and answered, setting up the mortgage from plaintiff and wife, the provisions in the policy quoted above, and asking that whatever sum was found due to the plaintiff, be brought into court, and applied on said mortgage. The defendant answered, denying a waiver by said mortgage company, and alleging violations of certain provisions of the policy, as to ownership and sale of the insured property, and that plaintiff attempted to commit a fraud on the defendant, by claiming the full amount of the loss, knowing that he was not the owner of the lost property. Defendant alleged that, by reason of these violations and this attempted fraud, said policy became void. Wherefore, it prays to be dismissed, with costs. Plaintiff replied, denying each and every allegation in defendant's answer, and the case went to trial to a jury. After the evidence for the plaintiff had been introduced, defendant filed an amendment to its answer, alleging that the house destroyed was not situated on the land described in the policy. Thereupon plaintiff filed an amendment to his petition, alleging that the intention was to insure his homestead, situated on section 10 mentioned in the policy; that he does not know upon which part of said section it was situated; that, if the part named in the policy is not correct, the error was by the mutual mistake of plaintiff and defendant's agents. He asked that the case be transferred to equity, and, if a mistake is found to exist in the policy, that it be reformed to conform to the true intention of the parties. The case was transferred to equity, and, the defendant failing to answer this last amendment, default was entered against it, which default the court afterwards; on the day the case was called for trial as per previous assignment, refused to set aside. The court also refused to set aside the assignment for trial, on defendant's motion, and thereupon

the case was tried to the court.   Before the trial commenced, it was agreed in open court that the cause should be submitted on the evidence taken before the jury, and such other evidence as to the alleged mistake in the policy, in the description of the land, as the parties might wish to introduce.   Decree was entered, reforming and correcting the policy "so as to read 'on the south half of section ten,' instead of 'on the north half' of said section, as written in the policy of insurance," and rendering judgment in favor of the plaintiff for eight hundred and ninety-four dollars and fifty cents, with interest, and for costs.   Defendant, Home Insurance Company, of New York, appeals.—*Affirmed.*

*McVey & Cheshire* for appellant.

*Jaynes & Hoffman,* for appellee.

GIVEN, J.—I.   Appellee contends that appellant's abstract fails to show that the evidence was properly preserved, and that all the evidence is before this court.   We will not consume space to discuss this contention, further than to say, that while it is true that appellant's abstract is somewhat confused, and difficult to understand, we think it sufficiently appears therefrom, that the evidence before us was duly certified, and is all the evidence offered or introduced on the trial.   Appellee filed an additional abstract, which appellant denies, and moves to tax the costs of the transcript to appellee.   Since it is largely by the aid of the transcript that we are able to understand appellant's abstract, this motion is overruled.

II.   There is no question but that the dwelling house intended to be insured, and that was destroyed by fire, was situated on the south half of the section 10 named, instead of the north half, as written in the policy.   Plaintiff asks that the policy be reformed, and

made to conform to the intention of the parties. "Before a written instrument can be reformed on the ground that there was a mistake in the drafting of it, the evidence that there was a mistake should be clear, satisfactory, and free from reasonable doubt." *Wachendorf v. Lancaster*, 61 Iowa, 509 (14 N. W. Rep. 316, 16 N. W. Rep. 538). We will not set out the evidence on this branch of the case. It is sufficient to say that it shows, beyond doubt, that the error in the description of the land in the policy occurred by mutual mistake of the parties, and that the description intended was the south half of the section named, and not the north half, as written. The plaintiff has established his right to a reformation of the policy, in this respect, beyond a reasonable doubt.

III. The policy contains this provision: "If the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void." The facts are that the title to the property was formerly in the plaintiff, and that during that time appellant issued to him a policy of insurance thereon against loss by fire. The property was the homestead of plaintiff and his wife, and they continued to so occupy it until the house was destroyed. Prior to the issuance of the policy sued on, the plaintiff conveyed said property to his wife. Appellant contends that, because of this conveyance, the policy is void, under the clause quoted above. The policy sued upon was issued on the verbal request of Mrs. Carey, at the instance of the mortgage company, and in renewal of the former policy, which had expired. Three witnesses testify positively that, at the time the request was made, appellant's agent was informed that the

title was then in Mrs. Carey, while the two agents present say they have no recollection of such a statement. It was certainly reasonable that the fact should be stated, and we think the evidence shows that it was. The draftsman, no doubt, referred to the former policy, in drawing this, and, overlooking this information, did not state the fact as to the title as it then was. It is not questioned but that "knowledge of the agent writing the insurance is the knowledge of the company, in so far as to conform the application to the truth." It is conceded that the agent is bound to state the truth in the application, and, if he does not, the truth may be shown. *Siltz v. Insurance Co.*, 71 Iowa, 710 (29 N. W. Rep. 605); *Key v. Insurance Co.*, 77 Iowa, 174 (41 N. W. Rep. 614). The rule is alike applicable to a policy as to an application. The application becomes a part of the contract, and the rule applies to the writing of the contract, whether in the form of an application, or of a policy. The policy must be taken to be as if written according to the facts concerning the title. The property insured being the homestead of the plaintiff, he had an insurable interest therein. *Reynolds v. Insurance Co.*, 80 Iowa, 563 (46 N. W. Rep. 659); *Merrett v. Insurance Co.*, 42 Iowa, 13. Appellant, with knowledge, through its agent, of the true state of the title of the insured property, and that it was not entirely unconditional and sole, issued this policy to plaintiff, who had an insurable interest in the property. In *Lamb v. Insurance Co.*, 70 Iowa, 238 (30 N. W. Rep. 497), it is said: 'The defendant knew, when issuing the policy, that the assured did not own the fee-simple title to the real estate; and it knew precisely what title he had, and, so knowing, issued the policy. If there was a false statement, the defendant so knew, and must be held to have waived the conditions of the policy in this respect." That policy contained the same condition

as to title as this, and that case seems to us decisive of the question under consideration. In *McMurray v. Insurance Co.*, 87 Iowa, 453 (54 N. W. Rep. 354), it is said: "The failure of the policy to state correctly the title of the plaintiff was due wholly to the fault of the defendant, and it will not be permitted to escape liability on account of it." Such are the facts in this case, and they lead to the same conclusion. The plaintiff had an insurable interest in the property, which the appellant insured to him, and his right to recover will not be defeated by the fault of the defendant to state the title correctly.

IV. Appellant contends that as no reformation of the policy is asked, as to ownership of the insured property, parol evidence is not admissible, to change terms of the policy, under the familiar rule that parol evidence is not admissible to vary or contradict a contemporaneous written contract. By introducing the policy in evidence, and proving the loss, and that notice and proofs of loss had been made as required, the plaintiff made out his case. Defendant seeks to defeat recovery by showing that plaintiff had not "the entire, unconditional and sole ownership of the property," for that the title was in his wife. The plaintiff, in reply, shows that the defendant was correctly informed as to the title, but failed to write it in the policy according to the fact, and correctly claims that appellant is therefore estopped from asserting this defense. Surely appellant should not be permitted to profit by its own fault, in not writing the policy according to the fact as it was known to it.

V. In connection with said provision as to title, the policy contains the following: "When property has been sold and delivered, or otherwise disposed of, so that all interest or liability on the part of the assured herein named has ceased, this insurance on

such property shall immediately terminate.    *   .*   *

In case the use or occupation of the above-mentioned premises, at any time during the period for which this policy would otherwise continue in force, shall be so changed as to increase the risk thereon, except as may hereafter be agreed to by this corporation in writing upon this policy, from henceforth, so long as the same shall be so used, this policy shall be of no force or effect." On the twenty-third day of February, 1891, plaintiff and his wife signed a title bond to G. E. Baker, conditioned that, upon payments by Baker as specified, they would convey to him the land described, including that upon which the insured house stood. The bond provides, "possession to be given on the 1st day of March, 1891, excepting twenty acres of farm land on the east side of the road right south of the house and the hog pasture." This transaction was without notice to, or consent of, the appellant, and it is contended that because thereof the insurance then terminated. The dwelling house was situated on the twenty acres, and, with the twenty acres, remained in the possession of the plaintiff and his wife until the fire. If it may be said that the house and twenty acres were sold, they were surely not delivered, "so that all interest or liability on the part of the assured herein named had ceased," nor had there been any such change of occupation as to increase the risk. The evidence shows that, after said bond was signed, Baker, without the consent of Carey or his wife, interlined therein these words: "Possession of the farm land and hog pasture to be given March 1, 1892." Even if this was with the consent of Mr. and Mrs. Carey, it left to them the possession of the insured property. We will not discuss the evidence relating to this bond. It is sufficient to say that we are satisfied that the parties to it never regarded it as binding between them, and

that there was no such sale and delivery, or change of occupation, of the insured property, as to have terminated this insurance.

VI. This policy provides that "all fraud or attempted fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company under this policy." Appellant contends that, in his proofs of loss, plaintiff swore falsely that "he was the owner of the property, when he was not," and that thereby he forfeited all claim on appellant. The forfeiture here provided is not for false swearing, but for fraud by false swearing or otherwise. Even if plaintiff had sworn that he was the owner of the property when he was not, it would not follow, under the facts, that a fraud was intended, or would have resulted. The facts are that the proofs were made upon a printed blank furnished by appellant, which contained this inquiry: "If the loss is on building, state whether real estate is owned in fee-simple, or held on lease." To this plaintiff answered: "The building was owned in fee-simple, and was the homestead of Aden Carey and wife." We do not think it can be fairly said that, in so stating, plaintiff intended to commit a fraud on appellant. Our conclusion upon the whole record is that the decree of the district court should be AFFIRMED.