114 200 | 132
113 655
114 132
137 702

## A. C. PARNO v. IOWA MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.

**Insurance:** FALSE REPRESENTATIONS: *Burden of proof.* Where the defendant in an action on a fire policy pleads false representations in plaintiff's application, it has the burden of showing them.

**Pleading Estoppel:** FILLING OF APPLICATION BY INSURANCE AGENT: *Confession and avoidance.* Where the defendant in an action on a fire policy pleads false representations and warranties of plaintiff, made in the application, a reply which pleads as an estoppel, facts showing that the defendant's agent did not write the answers as made by the plaintiff, and that the latter had no knowledge thereof, is sufficient, without a denial or admission of the facts pleaded by the defendant.

INCORRECT FILLING OF APPLICATION BY AGENT: *Parol evidence.* Where the defendant in an action on a fire policy pleads false representations and warranties in plaintiff's application, parol evidence that defendant's agent did not correctly record plaintiff's answers is admissible to estop the defendant from relying on the alleged breach of warranty.

*Same.* The admission of such oral evidence is not a violation of the rule prohibiting the contradiction of a written contract by oral evidence.

*Contract as to constructive notice.* A provision in a fire policy that any knowledge of the agent not contained in the application shall not be binding on the company does not prevent the insured, in an action on the policy, in which his false representations and warranties are relied on as a defense, from showing that his answers were true, but were wrongly recorded by the agent of the company.

SAME: *Articles of incorporation of mutual company.* The articles of incorporation of a mutual fire insurance company, which provide that each policy holder shall be a member of the company, and which requires true answers to questions in applications, do not prevent plaintiff, who takes a renewal policy from showing in an action thereon, in which the company relies upon the defense of false representations and warranties, that his answers were correct, but were incorrectly recorded by the agent of defendant.

**Review on Appeal:** CONFLICT IN TESTIMONY. Where the evidence is conflicting, the findings of the trial court will not be disturbed on appeal.

*Appeal from Butler District Court.*—Hon. C. H. Kelley, Judge.

Monday, May 20, 1901.

Action upon a policy of fire insurance on a stock of goods, store fixtures, and furniture. A jury being waived there was a trial to the court, and from a judgment in plaintiff's favor defendant appeals.—*Affirmed.*

*Geo. M. Craig* and *Courtright & Arbuckle* for appellant.

*M. Hartness* for appellee.

Waterman, J.—Plaintiff brought suit in May, 1899, on the policy, attaching as an exhibit a copy of the application to which her name was appended. This application recites that the signer has read its contents, and warrants and agrees that the statements of fact therein are true. In its answer defendant set out certain provisions of its articles of incorporation, which may be summarized as follows: All persons whose property is insured are members of the company during the terms of their respective policies. Applicants for insurance shall state the true value of the property to be insured, and the amount of incumbrance on the same, if any. It is then averred in the answer that plaintiff falsely and fraudulently represented in her written application for the insurance that the property was unincumbered, when in fact it was mortgaged for the sum of $500, and that she stated that the last inventory of such property, taken shortly before the application, showed its value to be $960, when in truth and in fact such inventory showed the value of the stock then on hand to be only $694.54. Further, it is alleged that defendant had no knowledge of the falsity of these statements until after the loss. Plaintiff filed a reply to this answer, setting up that the application was filled out by one Kingsbury, a soliciting

agent of defendant; that plaintiff's husband, who acted for her and affixed her name to the application, told Kingsbury of the existence of the mortgage; that Kingsbury was also told that the total value of the property upon which the insurance was sought was $960, as shown by an inventory taken in January, 1898, and that its then value was $900, but he was not told that this was the value of the stock of goods alone. Plaintiff avers that her husband did not read the application, and neither he nor she knew that said answers were not correctly written until after the loss occurred. To this reply there was a demurrer, which was overruled, defendant's exception being duly preserved. Evidence was then taken, and judgment rendered in plaintiff's favor on the merits of the case. The demurrer is quite lengthy. We shall not set it out. The issues which it presents will sufficiently appear as we take up the questions in the order presented in argument.

I. It is insisted the matter contained in the reply is insufficient, because there is no denial, and neither is there a confession with the avoidance. Where one sets up matter of waiver or estoppel in a reply, we do not understand that he must couple with it a denial. The law denies all affirmative allegations of an answer, save where a counterclaim is pleaded. *Cassidy v. Caton*, 47 Iowa, 22. Manifestly, plaintiff did not wish to confess the averments of the answer. She intended to deny their truth and set up matter which would estop defendant from proving the answers that appeared on the face of the application. The law made the denial, and the reply set out the facts constituting the estoppel. This we understand to be proper. *Hay v. Frazier*, 49 Iowa, 454. Indeed, we are inclined to think no reply was necessary here. The burden was on defendant to establish that plaintiff had returned the answers alleged. The introduction of the application would have established this, but *prima facie* only; for, as we shall presently see, under the doctrine which prevails in this state it

could be shown by plaintiff that such answers were incorrectly recorded by defendant's agent. As to there being no necessity for a reply, see *Crittenden v. Insurance Co.,* 85 Iowa, 652, 657.

II. Appellant's next contention is that the matter of estoppel is not susceptible of proof, because it would necessitate the contradiction of the terms of a writing by parol evidence. It is the rule in this state that where the assured has returned truthful answers to the agent of the company, who has recorded them incorrectly in the application, the facts may be shown by oral evidence, to estop the company from setting up the statements in the application as a defense. *Warshawky v. Insurance Co.,* 98 Iowa, 221; *Carey v. Insurance Co.,* 97 Iowa, 619; *McComb v. Insurance Co.,* 83 Iowa, 247; *Jamison v. Insurance Co.,* 85 Iowa, 229; *Reynolds v. Insurance Co.,* 80 Iowa, 563; *Key v. Insurance Co.,* 77 Iowa, 174; *Donnelly v. Insurance Co.,* 70 Iowa, 693. The court holds the parol evidence in such a case is not introduced for the purpose of contradicting the written contract, but only to estop the company from setting up as defense the falsity of the statements in the application. It is sought to distinguish these cases on the ground that in the policy in suit the answers of the applicant were made warranties. But that was also the fact in a number of the cases in which the rule stated has been indorsed by this court. In *Stone v. Insurance Co.,* 68 Iowa, 737, in which the facts were similar to those before us, it is said: "It makes no difference, we think, that plaintiff agreed that the representations in the application should be regarded as warranties by him. He consented to that agreement in the belief that the agent had written down in the application the very statement he had made. As the agent was empowered by the company to take the statement, and acted under that authority when he wrote it, plaintiff was not charged with the duty of seeing to it that it was cor-

rectly taken. He had the right to assume that this was done. It would be manifestly unjust to hold that he was bound absolutely by a statement which was wrongfully interpolated into the application by defendant, and which he did not know was there when he consented to the agreement." So, too, in *Warshawky v. Insurance Co.,* cited above, the statements in the application were expressly made warranties. Another ground of distinction that is sought to be made is that this defendant was a mutual company, and each policy holder was a member, and as such bound to take notice of the articles of incorporation, which require true answers to be made to the questions in the application. While each policy holder is a member of defendant company during the life of his policy, he does not become a member until the policy is issued, and in the negotiations for it he stands in the relation of a stranger to the company. It is true the policy in suit was to be in renewal of insurance that plaintiff already had with defendant. But we think that, in agreeing with her to take out a new membership certificate, the parties were dealing at arm's length. The rule as we have stated it was applied in the *Warshawky Case. supra,* to a mutual company. See, also, *Fitchner v. Fire Ass'n,* 103 Iowa, 276; *Kansal v. Insurance Co.,* 31 Minn. 17 (16 N. W. Rep. 430). Again, it is thought this case should be taken out of the general rule because the application contained this provision: "Any knowledge of the agent not set forth in said application shall not be binding upon the company in any respect whatever." This clause clearly does refer to a case where the assured is deceived by the agent, and led to believe that the application contains the facts imparted to him. If it was meant to cover such a case, it amounts to no more than a declaration by a party that he will not be liable for the fraud of his agent committed while acting within the scope of his authority, and such a declaration would be futile.

III.    What we have said disposes of the exceptions, taken to rulings on evidence.  These were all founded upon some one or more of the positions taken by appellant as indicated above, and which we have found untenable.

IV.    Finally it is argued that the judgment is not sustained by the evidence.  The findings of the court, under our numerous holdings, has the force and effect of the verdict of a jury.  We may not disturb it if the evidence is in substantial conflict.  We need say no more than that it is so here.—AFFIRMED.