REYNOLDS v. THE IOWA AND NEBRASKA INSURANCE
COMPANY *et al.*

1. **Evidence:** COMPETENCY : TRANSACTIONS WITH DECEASED AGENT OF PARTY. There is nothing in section 3639 of the Code to prevent one insured, in an action upon his policy, from testifying as to personal transactions between him and an agent, since deceased, of the insurance company, since the company can in no sense be regarded as the "survivor" of the agent, within the meaning of that section.

2. **Fire Insurance:** ACTION ON POLICY : FALSE APPLICATION : KNOWLEDGE OF AGENT : COMPANY BOUND. A policy of fire insurance was issued upon an application which stated that the title of the land was in the applicant, whereas it was in his wife, but the premises were their homestead. The application was prepared by the company's agent, and both the assured and his wife reminded him at the time that the title was in the wife, as he well knew; but he replied that, as he was not insuring the land, it made no difference, and upon this assurance the husband signed it. In an action upon the policy, *held* that, as the husband had an insurable interest in the property, it being a homestead, and as the company had constructive knowledge through its agent of the real state of the title, and took and retained the premium paid upon the risk, it could not defeat a recovery upon the policy on the ground of the false statement in regard to the title. ( See opinion for citations.)

3. ———— : ———— : DECLARATIONS OF ADJUSTING AGENT. Where, in an action on a policy of fire insurance, it was shown that an agent of the company had been acting as its adjuster while the policy was in force, and that he was authorized to represent it in investigating the loss, *held* that this was a sufficient foundation for the admission of his declarations made while he was taking proofs of the loss.

4. ———— : ———— : HOUSEHOLD FURNITURE : WHAT INCLUDED. A policy of fire insurance on " household furniture " covers goods, vessels, utensils, and other articles necessary and convenient for keeping

house; and, in an action on such policy, it is competent to prove the loss of a sausage-mill, churn, cook-stove, clothes-rack, carpets, dishes, kettles, spoons, knives and forks, and other articles of household use.

5. **Appeal:** EXCESSIVE DAMAGES : QUESTION NOT RAISED BELOW : HOW RAISED. An objection in the court below, that the verdict is against the evidence, and is the result of prejudice and bias on the part of the jury, goes only to the fact that the verdict is against the objectors instead of for them, and, without something more specific, does not raise the objection that the damages are excessive ; and in such case that objection cannot be considered in this court.

*Appeal from Union District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, OCTOBER 7, 1890.

ACTION on a policy of insurance to recover the value of certain property destroyed by fire. There was a trial by jury, and a verdict and judgment for plaintiff. The defendants appeal.

*McIntire Bros.*, for appellants.

*McDill & Sullivan*, for appellee.

ROBINSON, J.—On the twelfth day of June, 1884, the Iowa and Nebraska Insurance Company issued the policy upon which this action is founded. It purports to insure plaintiff against loss or damage by fire and lightning to the amount of eleven hundred dollars, as follows : "On dwelling-house, including foundation, cellar or basement walls, four hundred dollars ; on household furniture while therein, one hundred dollars ; on bed and bedding while therein, two hundred dollars ; on wearing apparel while therein, one hundred dollars ; on barn number 1, including foundation, three hundred dollars." The policy contained a further description of the property insured in words as follows : "All situated (except as otherwise provided) on and confined to the premises now actually owned and occupied by me, to-wit, two hundred and sixteen acres, section 36, township 71, range 28, township of Pleasant,

county of Union, state of Iowa." The description of
the property contained in the policy was copied from
the application for insurance, signed by plaintiff, on
which the policy was issued. The application warranted
the description it contained of the property to be insured,
including the title thereto, to be correct; and the policy
provides that the application is a warranty on the part
of the assured, and that any false representation by him
shall have the effect to render the policy void. The term
of insurance was five years. On the twenty-eighth day
of September, 1888, the dwelling-house and nearly all
the personal property, described in the policy, were
destroyed by fire. At the time application was made,
and the policy was issued, the title to the land on which
the dwelling-house stood was vested in the wife of
plaintiff, and that was the condition of the title when
the property was destroyed. After the policy was
issued, the name of the company was changed to "West-
ern Home Insurance Company," and it is made a party
defendant by both the old and the new names. The
defense rests chiefly upon the alleged ground that a
fraudulent misrepresentation of title was made to secure
the insurance on the house. The jury found plaintiff
entitled to recover sums as follows : On account of the
house, four hundred dollars; on account of beds and
bedding, two hundred dollars; on account of furniture,
ninety-five dollars; and on account of wearing apparel,
one hundred dollars; and judgment was rendered for
the amount fixed by the verdict.

I. The application for the insurance in question
was prepared and taken by a soliciting agent of the
company which issued the policy, whose
name was Tucker. It is admitted that at
the time of the trial he was dead. After
that fact was shown, the court permitted
the plaintiff and his wife to testify in regard to the con-
versation they had with Tucker when the application
was prepared and signed, and to repeat portions or all
of that conversation. Appellants complain of the

1. EVIDENCE:
competency:
transactions
with deceased
agent of
party.

admission of that testimony, and claim that it was made incompetent by section 3639 of the Code. It is said that defendants are the survivors of Tucker, for that, as to him, they stood in the relation of partners. No authorities are cited in support of that claim, and we think it is not well founded. The word "survivor" is usually applied to the longest liver of two or more partners or trustees, and has been applied in some cases to the longest liver of joint tenants, legatees, and to others having a joint interest in anything. But, in our opinion, it has no application to persons related as principal and agent, and the ruling of the court in admitting the testimony was, therefore, correct.

II. It is shown that Tucker went to the residence of plaintiff to obtain an application for insurance. He

2. FIRE insurance: action on policy; false application: knowledge of agent: company bound.

prepared the application and read it to plaintiff. As prepared, it recited that the applicant had a warranty deed, and was the absolute owner of the property proposed to be insured. Plaintiff stated to Tucker, when those recitals were read: "You know better than that. You know that the land is not in my name. You know that the land is in my wife's name." Tucker answered that "it makes no difference. I am not insuring the land. I am insuring the house. If this house burns it does not hurt the land, and the land does not have anything to do with it." The wife of plaintiff at the same time said to Tucker: "If it makes any difference, I want you to change it. We want to deal fair and square." Tucker responded: "It does not make any difference at all. I am not insuring the land. I am only insuring the house and the household goods." Plaintiff was then, and had been for many years, occupying the house, and the land upon which it was situated, as a homestead and dwelling-place for himself and family. That fact was known to Tucker. The right to so occupy the house was of pecuniary value to plaintiff; and he had an insurable interest therein. See *Warren v. Insurance Co.*, 31 Iowa, 467; *Carter v.*

*Insurance Co.*, 12 Iowa, 291; *Merrett v. Insurance Co.*, 42 Iowa, 13;. 11 Amer. & Eng. Enc. Law, 312. The knowledge of the agent at the time he took the application was constructively the knowledge of his principal. *Donnelly v. Insurance Co.*, 70 Iowa, 694. The company, therefore, with knowledge that plaintiff had an insurable interest in the property in question, but that such interest was not correctly described in the application, accepted the compensation paid by the applicant, and issued the policy in suit. Having accepted and retained the consideration of the policy with constructive knowledge of all material facts, it cannot now be heard to deny its liability. *Donnelly v. Insurance Co.*, *supra.* See, also, *Key v. Insurance Co.*, 77 Iowa, 174; *Kausal v. Insurance Ass'n*, 31 Minn. 17; 16 N. W. Rep. 430. It is said that plaintiff knew when he signed the application that it did not correctly represent his interest in the dwelling-house, and, therefore, that the knowledge of the company was not material, and he should not be permitted to deny his agreement. There is no foundation in the record for any claim that the misrepresentation in question was made for a fraudulent purpose, nor that it operated as a fraud upon defendants. On the contrary, it is manifest that the transaction was entered into by plaintiff and by Tucker in good faith, and without any purpose of misleading or defrauding the insurance company. Tucker was the chosen instrument of the company in securing the application in question, and it should not be permitted, under the circumstances of this case, to take advantage of the fact that he failed to disclose to it all the material facts of which he had knowledge when the application was taken.

III. The court permitted plaintiff to show certain declarations of one Philbrook, made while he was

3. —: —: representing defendants in taking proof of
declarations of adjusting agent. loss. It appears that plaintiff informed defendants of the loss the day after it occurred; that Philbrook went to his place at some

time during the next month, and caused proofs of loss to be prepared. It is shown that he had acted as adjuster for the company while the policy was in force, and it is admitted that he was authorized to represent it in investigating the loss. We are of the opinion that a sufficient foundation was laid for proof of the declarations in question.

IV. Plaintiff was permitted to prove the value and loss of a sausage-mill, churn, cook-stove, clothes-rack, carpets, dishes, kettles, spoons, knives and forks, and other articles of household use. Appellants insist that the evidence was improperly admitted, for the reason that the articles specified were not household furniture within the meaning of the policy. It may be true, as claimed, that such articles would not ordinarily be found for sale in a furniture store, but there is nothing in the policy to indicate an intention to restrict the words therein used to furniture which would be so found. The term "household furniture" includes goods, vessels, utensils, and other articles necessary and convenient for housekeeping. See title "Furniture," in Webst. Dict.; Bouv. Law Dict.; 8 Amer. & Eng. Enc. Law, 985; 9 Amer. & Eng. Enc. Law, 782. As used in the policy, the term was no doubt designed to include all articles of household furniture, not otherwise specified, while in the dwelling-house. The evidence in question was, therefore, properly admitted.

*4. household furniture: what included.*

V. Appellants contend that the amounts allowed by the jury on account of loss of beds and bedding and wearing apparel were too large, and we think there is some foundation for the claim. But the objection now made by appellants does not appear to have been brought to the attention of the district court. It is true that, in the motion for a new trial, they averred that the verdict was not supported by the evidence, and that it was the result of prejudice and bias on the part of the jury, but the averments thus made are in the

*5. APPEAL: excessive damages: question not raised below: how raised.*

nature of objections to the verdict, because it is against the defendants, and do not refer to the amount of the verdict. Section 2837 of the Code provides for new trials when excessive damages appear to have been given under the influence of passion or prejudice, and. for error in the assessment of the amount of recovery; but neither of these grounds is set out in the motion for a new trial. The attention of the court below should have been, in some measure, drawn to the fact that the allowance of the jury was excessive. Had that been done, the court, we must presume, would have granted defendants the relief to which they were entitled.

VI. What we have said disposes of the controlling questions in the case. Others in regard to the sufficiency and competency of the evidence, the rulings of the court in giving and refusing to give instructions, and other matters, are discussed by counsel. It is only necessary to say that we have examined all the questions thus presented, but find no ground for reversing the judgment of the district court. It is, therefore,

AFFIRMED.