83  247
94  474

83  247
95  528

83  247
103  279

83  247
114  135

J. A. McComb *et al.*, Appellees, v. Council Bluffs Insurance Company, Appellant.

1.   **Practice**: RECEPTION OF EVIDENCE AFTER ARGUMENT TO JURY.   In an action upon an insurance policy, after the evidence had been introduced by both parties, and the opening argument to the jury had been made for the plaintiff, the defendant's counsel raised the question in argument to the court that the action was prematurely brought, as evidenced by the return on the original notice.   No sufficient issue upon such question was presented by the pleadings, and it was not referred to on the trial.   *Held,* that the plaintiff was properly permitted at such stage of the case to introduce evidence showing that the officer's return on the original notice had been altered by some one without authority, and that the notice had not been delivered to the officer before the time provided by law.

2.   **Original Notice**: RETURN: PAROL EVIDENCE TO CONTRADICT.   Where it appeared that the return of the officer upon an original notice had been altered, and that the return in fact made by him was not in existence, *held,* that it was competent to prove the date of the service of such notice by parol evidence.

3.   **Practice**: WITHDRAWAL OF PAPERS FROM JURY ROOM.   After the jury had retired to deliberate on their verdict, the court sent for the original notice, and, in the absence of the jury, received evidence of the person who served it as to the date of service, with a view to having the return thereon corrected, and then returned the notice to the jury.   *Held,* that it not appearing that such corrected return was submitted to the jury, nor that their verdict was in any manner influenced by such proceedings, the action of the court was without prejudice to the defendant.

4.  **Fire Insurance** : REPRESENTATIONS OF APPLICANT: AGENCY. Where an applicant for fire insurance truthfully answered all material inquiries in regard to the property he desired to have insured, but the agent of the insurer incorrectly recorded such answers in the written application, and the same was signed by the applicant without reading, and without knowledge that his answers had not been correctly recorded, *held*, that the insurer was bound by the acts of its agent, and that it could not escape liability upon the policy of insurance issued upon such application on account of the apparent mis-statements therein.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

TUESDAY, JUNE 2, 1891.

ACTION on a policy of insurance to recover for a loss by fire. There was a trial by jury, and a verdict and judgment in favor of the plaintiffs. The defendant appeals.—*Affirmed.*

*R. W. Barger,* for appellant.

*Gesman & Prouty, Hayes Bros., Frank Perry* and *S. S. Cole,* for appellees.

ROBINSON, J.—In October, 1887, the defendant issued to the plaintiff, J. A. McComb, the policy of insurance upon which this action is brought. The insurance was as follows: On building used as a mill, thirteen hundred dollars; on machinery and (exclusive of boiler and engine) shafting, gearing, cups, elevators and mill-wright work, sixteen hundred dollars; on stock of flour, five hundred dollars; on boiler and engine-house, one hundred dollars; on boiler and engine and smokestack, three hundred dollars. The loss, if any, was made payable to the plaintiff, J. R. Chambers, mortgagee, as his interest should appear. On the eleventh day of February, 1888, the building and nearly all the property insured were destroyed by fire. The plaintiffs demand judgment for thirty-eight

hundred dollars and interest, and ask that of the
amount found due judgment for twenty-four hundred
dollars be rendered in favor of the plaintiff Chambers
on account of his mortgage. The jury returned a ver-
dict in favor of the plaintiffs for thirty-nine hundred
and seventy-nine dollars and twenty-three cents, and
judgment was rendered in favor of Chambers, as
requested and in favor of J. A. McComb for fifteen
hundred and seventy-nine dollars and twenty-three
cents and costs.

I. The appellant contends that the action was
prematurely brought, and complains of numerous rul-
ings of the district court with respect to

1. PRACTICE: re-
ception of evi-
dence after
argument to
jury.

proof of the time when it was commenced.
The plaintiff sent, and on the fifteenth day
of March, 1888, the defendant received,
verified proof of the loss which Mrs. McComb claims to
have sustained. The return on the original notice,
which was on file when the case was tried, showed that
the notice was served on the defendant on the fifth day
of June, 1888. During the trial, after the evidence had
been introduced by both parties, and after the opening
argument had been made by the plaintiff, counsel for
the defendant, in the course of his argument to the
court, presented a question of law arising upon the
return of service on the original notice. Thereupon,
the plaintiff asked leave to introduce evidence for the
purpose of showing that the return had been altered
after it was first made, and leave was granted against
the objection of the defendant. In that ruling there
was no error. The question had not been referred to
before during the trial, although near the close of a
long answer, and in connection with other matter, the
defendant had said that "this action is premature."
Why it was premature was not alleged, and the state-
ment might easily have been overlooked by the plain-
tiff. That the claim of the defendant that the action

was prematurely brought, contrary to the provisions of section 3 of chapter 211 of the Acts of the Eighteenth General Assembly, because the original notice was served within ninety days from the time the notice of loss was given, was a surprise to the plaintiff is clear. If that was what the defendant relied upon, the defense in question should have been pleaded in a separate division of the answer, but was in fact set out in connection with an averment to the effect that the proof of loss required by the policy had not been made. Under these circumstances it was within the discretion of the court, and entirely proper to allow the plaintiff an opportunity to show that the defense was not well founded. Code, sec. 2799; *Sickles v. Dallas Center Bank*, 81 Iowa, 408.

II. It is said that the plaintiff was concluded by the return on the original notice from showing that the time of service was not as therein stated. But the evidence submitted on that question established beyond doubt the fact that the notice was not delivered to the officer for service, and was not served before the fifth day of July, 1888; that the return which the officer made showed that fact, but that it had been altered by some person, unauthorized and unknown. As the defendant was in court, it was not material to show whether the service was made on or after the date named, it having been shown that it was not made before. The return which appeared of record, so far as it related to the date in question, was not the return of the officer; and when that fact was proven, and it appeared that the official return as to that date was not in existence, it was competent to establish it by parol evidence. The right of the appellant to meet the evidence introduced was fully protected, and it sustained no prejudice from the ruling of the court.

2. PROCESS: return: parol evidence to contradict.

III. After the evidence in question had been introduced, the case was submitted to the jury. While

3. PRACTICE: withdrawal of papers from jury room.

they were deliberating, the court sent for the original notice, and, in the absence of the jury, received evidence of the person who had served it as to the date of service. That seems to have been done with the view of correcting the return, and questions are made as to the competency of the evidence submitted and as to the action of the court in receiving it. The court authorized a new return to be made, but we do not understand that, if such a return was made, it was submitted to the jury, nor that their verdict was in any manner influenced by these proceedings; hence, the defendant cannot have been prejudiced by them if they were erroneous. Therefore, we do not find it necessary to determine the questions in regard to them which are presented by the appellant. The original notice and return which were taken from the jury room were returned to it within five minutes, and we find nothing in the circumstances attending its taking and return to justify a presumption of prejudice.

IV. The policy in suit was issued on an application to which the signature of J. A. McComb was affixed

4. FIRE insurance: representations of applicant: agency.

by her husband, E. B. McComb, acting as her agent. The application contains questions and answers as follows: "Is there any mortgage or other incumbrance on the property? Yes. If so, state * * * amount, and to whom. Twenty-five hundred dollars; J. R. Chambers. Will you keep barrels of salted water, with buckets, on each floor and attic? Yes." At the bottom of the application was the following: "I warrant said [foregoing] statements, representations, diagrams, descriptions and answers to be strictly true." The evidence tended to show that the incumbrance upon the property when the application was signed amounted to about twenty-eight hundred dollars, and it appears

that no barrels of salted water were kept on each floor and in the attic. But plaintiff was permitted to show by parol evidence that the application was written by the agent or agents of the defendant; that they were told, in regard to the incumbrance, that the applicant did not know the amount, but that it was about twenty-five hundred dollars; that they were told the barrels of salted water would be placed in the building as soon as it was convenient; that the application was not read to or by the applicant or agent when it was signed, and that she did not know that the answers to the questions stated were not correctly written; that when the policy was returned it was sent at once, without examination, to the mortgagee in Michigan; that the fact that the answers given were not correctly written in the application was unknown to the insured and her agent until after the loss occurred; and that it had not been convenient to place the barrels of salted water in the places designated before the fire occurred.

We do not need to consider at length the objections made by the appellant to this evidence. The questions thus presented have all been determined by this court against the claim now taken by the appellant. See *Reynolds v. Nebraska Ins. Co.*, 80 Iowa, 564; *Key v. Des Moines Ins. Co.*, 77 Iowa, 175; *Stone v. Hawkeye Ins. Co.*, 68 Iowa, 740; *Jordan v. State Ins. Co.*, 64 Iowa, 217; *Boetcher v. Hawkeye Ins. Co.*, 47 Iowa, 254. We are aware that the rule of these cases is not approved by all courts, but it has been followed in this state for many years, and, it is believed, has tended to do justice. While it may offer temptation to unscrupulous persons to avoid statements they in fact made, yet it tends to make the insurance companies more careful in the selection of their agents. The applicant for insurance is not, as a rule, familiar with, and does not comprehend the force of, the various requirements of an application, and relies upon the agent to insert all

necessary statements in a proper manner. If the applicant truthfully answers all material inquiries in regard to the property he desires to have insured, it is not a hardship to require the agent to make a correct record of the answers given, and place the loss which results from his failure to do so upon his principal. The rule requires perfect good faith of the applicant, and will not tolerate intentional wrong on his part. But the presumption is always strongly in favor of the correctness of the application he has signed, and the burden is upon him to overcome that presumption by satisfactory evidence.

V. The conclusions we have announced dispose of the controlling questions in the case. Objections are urged to rulings on evidence, and against portions of the charge given to which we have not referred specially. We have examined them all and are of the opinion that there is no sufficient reason for reversing the judgment of the district court. It is, therefore, AFFIRMED.