Calvin R. Fisk, Appellant, v. City of Keokuk, George Lowenstein, Tax Collector, and Cameron & Mc-Manus, Appellees.

Judgments: *Res judicata*: ELECTION OF REMEDIES.  Where a contractor brought suit to foreclose assessments against abutting property for street improvements, but dismissed the action without prejudice after the sustaining of a demurrer to the petition, and before judgment, there was no adjudication binding upon any of the parties; nor was there an election of remedies precluding a sale of the abutting property for the nonpayment of assessments.

Municipal corporations: SPECIAL ASSESSMENTS: LACHES.  Mere delay in issuing certificates of sale of abutting property for the nonpayment of improvement certificates will not invalidate the sale, unless prejudice to the owner of the land is shown.

Same: SPECIAL CHARTER CITIES: ENFORCEMENT OF ASSESSMENTS: LIMITATIONS.  Under the special charter of the city of Keokuk liens for municipal taxes and assessments are perpetual, and exist until paid; and as sales of property to enforce such liens are not actions or suits the general statutes of limitation do not apply; nor is it necessary that the delinquent assessment be brought forward on the city tax books each year until the sale, and therefore a sale for taxes not so brought forward can not be challenged by a property owner.

Same: SPECIAL ASSESSMENTS: DETERMINATION AS TO VALIDITY: CONCLUSIVENESS.  Where it was held in a suit attacking a special assessment for street improvement that the assessment was not invalid, and the appeal therefrom was dismissed, the property owner will be decreed to owe the assessment, unless barred; and he can not attack the sale of his property against which the assessment was levied for its nonpayment, or have the certificate of sale set aside, without paying or offering to pay the assessment with legal interest.

*Appeal from Lee District Court.*—HON. H. BANK, JR., Judge.

THURSDAY, OCTOBER 21, 1909.

SUIT in equity to enjoin the issuance of a certificate of tax sale for certain special taxes or assessments evidenced by two certificates of assessment issued by defendant city to defendants Cameron & McManus in the year 1896, in payment for certain pavement laid by it on streets abutting plaintiff's property. Plaintiff also asked that the certificates of purchase be cancelled and annulled, and that he be given such other relief as might appear equitable. On issues joined the trial court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*John P. Hornish, B. F. Jones,* and *Bernard A. Dolan,* for appellant.

*Hollingsworth & Blood* and *A. T. Marshall,* for appellees.

DEEMER, J.—The defendant city is organized and operating under a special charter, which gives it power to levy and collect taxes and special assessments under provisions applicable to it alone, or to it and to other special charter cities. See Acts 2d General Assembly, 1848-49, chapter 3; Acts 4th General Assembly, 1852-53, chapter 77; Acts 5th General Assembly, 1856, chapter 17 (extra session); Code, section 973; Acts 23d General Assembly, 1890, chapter 14; Acts 25th General Assembly, 1894, chapter 7. In the year 1895 defendant city ordered that Eleventh Street in said city, upon which plaintiff's property abuts, be paved, guttered and curbed. The contract for doing the work was let to defendants Cameron & McManus, and the improvement was made during the winter of 1895-96. On March 2, 1896, the city assessed the cost of

the improvement against abutting property owners, and issued certificates therefor to the contractors. The fact of the assessment, the amount thereof, and the issuance of the certificates with a statement of the amount thereof was entered in a book kept by the city for that purpose, and known as the pavement assessment book. This book showed the date of assessment, description of the property, name of owner, description of improvement, number and amount of certificate with blanks for receipt of the certificate holder, and for the date of the liquidation of the assessment. This book was one of the permanent records of the city, was kept for years among its books, and was treated as one of the regular tax records of the city. A statement of the tax was also entered in the delinquent tax book of the defendant city. This book was also permanent in character, had been kept since the year 1880, and so arranged as to show in consecutive order, by number of the blocks, the date and description of the tax, its amount, and various other data. This, as we understand it, was called the delinquent tax list. In this book the assessments in question were entered as of date March 2, 1896, that it was for paving, and so far as the book disclosed had not been paid. In the year 1896 plaintiff commenced suit against defendant city and Cameron & McManus to enjoin the collection of the paving certificates, to have the assessments cancelled, and for other relief. Defendants in that suit demurred, and their demurrer was sustained. Appeal was taken to this court, but the appeal was dismissed, and the cause dismissed as per stipulation. Thereafter, and on December 31, 1898, plaintiff commenced another suit against the same defendants to enjoin the collection of the assessment and to cancel the certificates, based upon errors and irregularities in the proceedings leading up to the assessment. To this defendants demurred, and their demurrer was sustained. Appeal was taken to this court from a judg-

ment ·dismissing plaintiff's petition, and in September of the year 1903 that appeal was dismissed on motion. No claim was made in either of these actions that the taxes had not been properly entered upon the books of the defendant city.

In March of the year 1903· Cameron & McManus brought an action in· equity to foreclose their paving certificates and the assessments represented thereby, and to sell the property in satisfaction thereof. Fisk was, of course, made a defendant, and he appeared and demurred to the petition. This demurrer was sustained, and thereupon and at the same time plaintiffs in that action dismissed their petition without prejudice. Thereafter Cameron & McManus, holders of the certificates, at the regular annual city tax sale had the property against which the special taxes had been levied sold for these taxes and they became the purchasers of the property at such sale. Owing to a misunderstanding between them and their attorneys certificates of purchase did not issue, and had not been issued when plaintiff commenced this suit to enjoin the issuance of the same. While the suit was pending, and on October 16, 1906, a certificate of purchase issued to Cameron & McManus pursuant to the sale, and thereupon plaintiff amended his petition, attacking said certificates for reasons hereinafter stated.

The nature of this action has already been stated, and plaintiff upon this appeal contends that the judgment dismissing his petition should be reversed for the reasons (1) that Cameron & McManus, in bringing their suit to foreclose their assessment certificates, elected their remedy, and could not thereafter proceed to collect the assessments by sale of the property against which they had been levied; (2) that the judgment upon the demurrer to their petition in that action was final and conclusive and determinative of their right to recover the amount of the assessment in any form of action; (3) that claim for the special as-

sessments was barred, and that all rights under the certificates are barred by statute, or by their laches, in not proceeding to enforce the same; (4) that the special taxes were not carried forward on the tax books of the city each year after the taxes became delinquent; and (5) that the tax sale of 1903 was never completed, and as no certificate of sale was demanded until the year 1906, this amounted to an abandonment of the sale. On the other hand, appellees insist (1) that plaintiff is not entitled to the relief demanded because he has not offered to pay the amount of the assessment against him which was adjudged to be legal and effective; and (2) that all matters regarding the validity of the assessment or the regularity of the entries thereof upon the books of the defendant city, have been adjudicated adversely to plaintiff in the proceedings instituted by him. They also deny most, if not all, of the propositions made by plaintiff in support of his claim for a reversal. Whilst it may not be necessary to pass upon all the questions involved, we shall consider those which seem to be relevant and material, although not perhaps in the order heretofore stated.

I. It is manifest that there was no adjudication of the matters involved herein or of any other matters in the suit brought by Cameron & McManus to foreclose their assessment certificates. True, a demurrer to their petition was sustained, but before any judgment or decree was entered in the case the action was dismissed without prejudice. In such circumstances there was no adjudication which was binding on either party to the suit. *Tyler v. Langworthy,* 37 Iowa, 555. By invoking the remedy of foreclosure which did not pass to judgment, and which the trial court indicated they did not have, there was no such election of remedies as barred Cameron & McManus from a tax sale for outstanding assessments. *Austin Mfg. Co. v. Decker,* 109 Iowa, 277; *Redhead Bros. v. Investment Co.,* 126 Iowa, 410; *Zimmerman*

1. JUDGMENTS: *res judicata:* election of remedies.

*v. Robinson & Co.,* 128 Iowa, 72. In Ohio it has been held that the institution of a suit to foreclose, in which no decree has been entered, does not bar an extrajudicial sale to enforce the lien. *Brisbane v. Stoughton,* 17 Ohio, 482. See, also, *Atwater v. Kinman,* Har. (Mich.), 243. The right to sell at tax sale was manifestly not adjudicated in the prior proceedings, nor could it have been under the issues joined or which might have been tendered. *Spinney v. Miller,* 114 Iowa, 210.

The fact that the certificate of purchase was not issued at the time of sale is not to be given controlling effect. Of course the delay might, in the absence of explanation, be regarded as evidence of abandonment of the sale; but the delay is so explained in this case that all presumption of abandonment is fully negatived. Mere delay in issuing the certificate of purchase, no prejudice to the owner of the land being shown, will not invalidate the sale. *Otoe Co. v. Brown,* 16 Neb. 394 (20 N. W. 274); *People v. Cady,* 105 N. Y. 299 (11 N. E. 810). There remain but two propositions made in support of the appeal. One is that the taxes are barred, and were when the tax sale was had, and the other that, as these taxes were not carried forward from year to year on the city tax books, the sale was invalid, and no proceedings will lie to collect the taxes.

2. Municipal corporations: special assessments: laches.

II. Plaintiff relies upon section 1448 of the Code, but as that applies only to actions to recover property sold for taxes, it gives us no aid in solving the question presented. It appears from the charter of the city, as set forth in the acts of the General Assembly heretofore referred to, that liens for taxes and assessments in the city of Keokuk are perpetual, and exist until the taxes or assessments are paid. This being true, it follows that sale may be had at any time after they become delinquent. See section 22, chapter 17, Acts 5th General Assembly; sections 11, 12, chapter 14,

3. Same: special charter cities: enforcement of assessments limitations.

Acts 23d General Assembly, 1890; sections 11, 12, chapter, 7, Acts 25th General Assembly, 1894. Again, it has been held by us in construing the charter of the defendant city, that lapse of time will not bar or prevent an action for the collection of taxes which are a perpetual lien. See *Dennison v. City of Keokuk*, 45 Iowa, 266-268. There seems to be no statute limiting the time wherein property in the city of Keokuk may be sold for taxes or special assessments, and as such sales are not actions or suits the general statutes of limitation do not apply. *Iowa Land Co. v. Douglas Co.*, 8 S. D. 491 (67 N. W. 52-56); *State v. Certain Lands*, 40 Minn. 512 (42 N. W. 473); *Galusha v. Wendt*, 114 Iowa, 597-606. Was it necessary, then, that the delinquent special assessment should be brought forward upon the city tax books each year while they remained unpaid, and until the time of sale? No statute to which our attention has been called so provides, and in the absence of such requirement a sale for taxes not brought forward cannot be challenged by a property owner. *Hunt v. Gray*, 76 Iowa, 268.

III. One proposition advanced by appellee is sufficient, however, in our judgment, to defeat the plaintiff. In the proceedings brought by him attacking the assessment there was a holding that the taxes when levied and assessed were not invalid; such was the legal effect of the holding in the second case brought by plaintiff, which was appealed to this court and here dismissed. *Murphy v. Cuddihy*, 111 Iowa, 645; *Foster v. Hinson*, 76 Iowa, 714; *Snell v. Campbell* (C. C.), 24 Fed. 881. This being true, the assessment must be treated as valid. Treated as valid, plaintiff owes the same to the city or to the certificate holder, unless the claim is barred by the statute of limitations. That being true, plaintiff cannot attack the sale or have the certificate of purchase set aside without paying, or offering to pay, the amount of the assessment with legal interest.

4. SAME: special assessments: determination as to validity: conclusiveness.

*Gardner v. Early,* 69 Iowa, 42; *Grimmell v. City of Des Moines,* 57 Iowa, 144; *Morrison v. Hershire,* 32 Iowa, 271; *Wells v. Western Paving & Supply Co.,* 96 Wis. 116 (70 N. W. 1071). This rule has been applied to cases where the debt is barred by statute. See *Esterbrook v. O'Brien,* 98 Cal. 671 (33 Pac. 765); *McQuiddy v. Ware,* 20 Wall. 14 (22 L. Ed. 311); *Hayes v. Frey,* 54 Wis. 503 (11 N. W. 695); *Booth v. Hoskins,* 75 Cal. 271 (17 Pac. 225); *De Walsh v. Braman,* 160 Ill. 415 (43 N. E. 597). This is a salutary rule, and in itself quite decisive of plaintiff's case in view of the adjudication against him in the case appealed to this court.

We have gone over the propositions involved with care, and find no error in the decree. It is therefore *affirmed.*