WILL RICHARDSON, Appellee, v. FARMERS MUTUAL HAIL INSUR-
ANCE ASSOCIATION OF IOWA, Appellant.

No. 41171.

MARCH 8, 1932.

O. M. Slaymaker, R. E. Killmar, and Lewis & Lewis, for
appellee.

Hal W. Byers, Frank Fuller, and Byers & Hines, for ap-
pellant.

DE GRAFF, J.—The appellee had issued to him by the appel-
lant corporation a hail insurance policy covering loss by hail on
the corn crop on a stated number of acres on his farm in Ring-
gold County. The appellant corporation had also issued to
Clyde Richardson, son of appellee, a similar policy covering loss

by the same cause on a stated number of acres of corn on his farm in Ringgold County, which policy and claim thereunder had been assigned to the appellee. The appellee commenced action to recover for loss sustained under the two policies. There are no questions raised regarding the validity of the policies or notice of loss.

On the night of July 11, 1928, while said policies were in full force and effect, a hailstorm occurred which did considerable damage to the growing corn on the acreage described in the policies. The parties appear to have had some negotiations toward settlement of the loss, but could not agree as to the extent of the loss. The policies provided that when a partial loss occurred an account of the crop harvested should be kept and a statement thereof in a prescribed form must be furnished the insuring company on or before the 15th day of December of the year in which the partial loss occurs. Such statements were not furnished under these policies until after December 15th. It conclusively appears that prior to the 15th day of December, representatives of the company had unequivocally refused payment on the claims. The rule is well established that a denial by the insurer of all liability under the policy will operate as a waiver of the provisions requiring notice and proofs of loss, or any defects in notice of proofs. Joyce on the Law of Insurance, Vol. 5, Section 3373. Washburn-Halligan Coffee Co. v. M. Fire Ins. Co., 110 Iowa 423, l. c. 430; Parsons v. Grand Lodge A. O. U. W., 108 Iowa 6; Bloom v. State Insurance Co., 94 Iowa 359; Keenan v. Missouri State Mut. Ins. Co., 12 Iowa 126; Carson v. German Ins. Co., 62 Iowa 433; Boyd v. Cedar Rapids Ins. Co., 70 Iowa 325.

Under Point 2, the appellant claims that the Court's instruction regarding the measure of recovery was not consistent with the provisions of the policies. To compare the particular instruction given with the printed provision of the policy we set them out in parallel columns:

"Provisions of Policy

"For the purpose of obtaining this insurance and securing a basis upon which all adjustments of loss shall be made it is agreed that the

"Instruction

"No. 10. The policies sued upon contains the following clause as a part of the by-laws which are binding

full value of each acre of crop insured under this policy shall be the amount of insurance carried on each acre; such amount to be determined by dividing the amount of insurance represented by the policy by the number of acres of crop covered by such policy. Sec. 6 By-laws: The amount written in the face of a policy divided by the number of acres of crop grown in any season on the land covered by the policy shall constitute the amount of insurance on each acre that season, and the amount due from this Association should a total loss be sustained. When there is only a partial loss, the member sustaining such loss shall be entitled to recover such proportion of the amount of insurance on each acre as that portion of the crop destroyed on each acre shall bear to the whole.

alike upon the assured and the defendant to wit: 'The amount written in the face of a policy divided by the number of acres of crop grown in any season on the land covered by the policy shall constitute the amount of insurance on each acre that season and the amount due from this Association should a total loss be sustained. When there is only a partial loss, the member sustaining such loss shall be entitled to recover such proportion of the amount of insurance on each acre as that portion of the crop destroyed on each acre shall bear to the whole.' Plaintiff does not claim a total loss but only a partial loss under either policy in suit. Applying the rule above given for partial loss to the policy of Will Richardson who carried $1000 on corn and $200 on corn fodder you will divide sums by the total number of acres you find Will Richardson had in growing corn covered by his policy and the result will be the amount of insurance per acre he had on each separate acre of corn and corn fodder. Plaintiff is only entitled to recover on his

policy that portion per acre, which the per cent of damage per acre would bear to the amount of insurance per acre. This percentage of damage per acre must be established by plaintiff by a preponderance of the evidence as having been caused by a hailstorm on July 11, 1928. [The Court applied the same rule to the policy issued to Clyde Richardson which need not be repeated here.] It is not necessary that you should consider either market values of corn or corn fodder at all as the parties have by their contract fixed the values at which said corn and fodder were insured, and the court permitted such evidence only for the purpose of aiding you in determining the extent of the per cent of damages, if any, sustained.''

It may be asserted with good support that the provision of the policy is ambiguous in that there is some doubt as to what the last word ''whole'' refers. The Court has, in our opinion, placed a construction upon the provision which is most favorable to the appellant in that its instruction was that the word ''whole'' had as its antecedent, the amount of insurance on each acre. The jury was instructed to find the amount of insurance per acre by the rule found in the policy provision. It was then instructed to find from the evidence the percentage of damage to the crop per acre and from these factors, the amount of loss was

to be established, which, with interest from a given date, was to be the amount of recovery. It appears that the jury followed the Court's instruction in determining the amount to be awarded the appellee. It is our opinion that the instruction was sufficiently clear to guide the jury of non-expert mathematicians and technicians to a correct determination of the amount of recovery.

Several other points have been raised by the appellant which refer to alleged errors in the admission of evidence, cross-examination of witnesses, and misconduct of counsel. While it is true that some alleged errors crept in during the rather heated prosecution of the suit, it is our opinion that they were non-prejudicial in character. The full arguments of the counsel on both sides have been presented in the appellant's abstract of record. The Court said, in overruling a motion for a new trial:

"Perhaps there were some things in the argument that might just as well have been left unsaid, yet in the heat of a trial and the earnestness with which counsel were presenting this case they may have said some things which might just as well have been left unsaid, and the same might be true if you consider all of the arguments of counsel for the defendants."

With this we heartily agree, but at the same time the errors complained of were not of such magnitude to effect the reversal of the verdict rendered by the jury. In view of the foregoing, we conclude that the verdict rendered should stand, and it is affirmed.—Affirmed.

All justices concur.