O. M. GREEN, Receiver, Plaintiff; JAKE STONER, Substituted Plaintiff, Appellee, v. PHOENIX INSURANCE COMPANY of Hartford, Appellant.

No. 42320.

MARCH 6, 1934.

REHEARING DENIED DECEMBER 13, 1934.

See, also, 215 Iowa 1220, 247 N. W. 660.

D. Cole McMartin, for appellant.

O. M. Slaymaker, and R. E. Killmar, and E. L. Carroll, for appellee.

DONEGAN, J.—In December, 1929, the plaintiff took a mortgage in the sum of $1,500 on a certain lot and dwelling thereon in the town of Prescott, Iowa. In January, 1931, payments being in default, plaintiff brought an action to foreclose said mortgage. Not knowing the residence of the then owner of the property, plaintiff, through his agent and attorney, one Fackler, applied to a soliciting agent of the defendant insurance company for insurance

to protect his interest as mortgagee. At that time it was explained to the agent of the defendant company that the plaintiff did not know who the real owner of the property was, that it was trading property, and that plaintiff desired insurance which would protect him regardless of who the owner might be. The agent of the insurance company made out an application and forwarded the same to the office of the defendant company at Des Moines. In due course of time a policy of insurance was issued and was by the local agent of the company delivered to said Fackler, the attorney and agent of plaintiff. The foreclosure action proceeded to decree, the property was sold at sheriff's sale and bid in by plaintiff, and a receiver was appointed to take charge of it during the period of redemption. After the appointment of the receiver, the dwelling on the property was totally destroyed by fire, and said receiver, as plaintiff, brought an action at law to recover $1,800, the full amount of the policy. The case was tried to the court and a judgment rendered in favor of the plaintiff. From such judgment the defendant appealed, and upon such appeal the case was reversed and remanded for new trial. After the remand of the case, Jake Stoner, the present plaintiff, was substituted as plaintiff in the said action and filed a substituted petition in equity, in which he alleged that plaintiff, through his attorney, Fackler, verbally applied to the agent of defendant company for a policy of insurance to protect the interest of plaintiff, as mortgagee, in said property to the amount of $1,800; that he told said agent that the plaintiff wanted such a policy as would protect his rights; that he told defendant's agent that neither plaintiff nor his attorney knew who the owner of the premises was, that the property was trading property and was liable to change hands from time to time and might be incumbered by mortgages, and that they desired a policy which would cover plaintiff's interest and would not be affected by subsequent changes of title and subsequent mortgages placed thereon; that neither the plaintiff nor his attorney had knowledge of the form of policy required to protect plaintiff's rights, and the agent of defendant was so told; that the agent of defendant prepared an application which was not signed by plaintiff or his attorney, Fackler; that the defendant issued a policy to plaintiff and through its agent delivered it to plaintiff's attorney and agent, Fackler; that plaintiff and his attorney and agent, Fackler, believed that this policy protected his interest and relied thereon; that, through fraud, accident, and mistake, the defendant did not

issue, to him such policy as he requested; that the policy issued did not cover his interest in the event the real estate was conveyed without the knowledge and consent of the defendant; that neither plaintiff nor his attorney knew that the policy as issued was not such a policy as requested; and that the fact that it was not such a policy is due to the accident and mistake of the plaintiff, and the fraud, accident, and mistake of the defendant. Plaintiff asked that the policy issued be reformed so that it would not be affected by subsequent conveyances, changes of title, or mortgages placed thereon, and that it be so written that it cover plaintiff's interest in the mortgaged premises so that his rights be not affected by changes in title or by subsequent mortgages placed against said property, and that he have judgment for $1,800, with interest from September 10, 1931.

Defendant in its answer admitted that an application was made for an insurance policy in the sum of $1,800, and that such policy was issued, but denied generally all the other allegations of plaintiff's petition and pleaded certain affirmative defenses. Plaintiff in a reply denied the affirmative defenses set out in defendant's answer.

The cause was tried to the court as an equitable action, and a decree and judgment rendered in favor of the plaintiff. From such decree and judgment the defendant appeals.

■ I. It is first contended by the appellant that the appellee, having prosecuted the case as an action at law and obtained a judgment therein, made an election, and that, such judgment having been reversed by this court and no new issues being involved, the plaintiff is estopped from now prosecuting this action in equity for a reformation. We have read the cases cited by appellant in support of this contention, but, in our opinion, these authorities are not controlling under the facts of this case. In Newman v. Covenant Mut. Ins. Assn., 76 Iowa 56, 40 N. W. 87, 88, 1 L. R. A. 659, 14 Am. St. Rep. 196, an action was first commenced at law and prosecuted to judgment and an appeal taken to this court, where it was held that an action at law for the amount named in the policy could not be maintained. After the case was remanded, the plaintiff filed an amended and substituted petition in equity asking that the insurance company be compelled to make and collect an assessment against the members of the association. On appeal, this court held that the amendment was permissible and said:

"The statute of this state, authorizing the amendment of pleadings, is very comprehensive. Code, section 2689. Under this and

other sections of the Code it has become the rule to allow amendments, and to deny the right is the exception. When this cause was remanded to the district court there was the same right of amendment as there would have been if it had not been tried. It was one of those cases where an amendment to the petition was absolutely necessary. In the opinion of this court, the plaintiff should have demanded an assessment upon the membership of the association, instead of asking a judgment at law. It was no more than an amendment of the prayer of the petition. If the claim was an honest one, and the defendant refused to make an assessment to pay it, there was a breach of the contract for which it was liable. The plaintiff sought a recovery upon the policy. He set out in his petition and amendments thereto, before the first trial, every fact necessary to show that he was entitled to relief in some form. He made the mistake of demanding a judgment for the amount, when he should have demanded that an assessment be made. If the objection to his petition had been made before the trial, it was his right to have his cause changed into the proper proceeding, and to amend the prayer of his petition accordingly. The error in claiming a judgment did not abate the action."

This action was originally brought at law, and the appeal to this court was from the judgment in such law action. It is well-established law that, after the remand of a law action by this court, amendments may be permitted by the trial court and evidence taken as to matters which have not been adjudicated. Kuhns v. Wisconsin, I. & N. Ry. Co., 76 Iowa 67, 40 N. W. 92; Buttman v. Christy, 197 Iowa 661, 198 N. W. 314.

In Zimmerman v. Robinson & Co., 128 Iowa 72, 102 N. W. 814, 5 Ann. Cas. 960, this court, in considering the rule in regard to election of remedies, said:

"To the proper application of this rule at least three things are essential: (1) There must be in fact two or more concurrent remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must, by actually bringing his action, or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies. It follows necessarily from this rule that, if the party has in fact only one remedy, but in the mistaken belief that he has another attempts to enforce it, the doctrine of election is inapplicable,

for no choice was ever open to him. Where either of two remedies are available, there may be a tactical advantage to be gained by pursuing one, rather than the other; but in a legal sense no mistake is committed if either be chosen. Where but one remedy exists the unavailing effort to enforce another does not constitute an election or estoppel which prevents a resort to the proper action. This distinction is upheld by the authorities generally, and has often been reiterated by this court."

It is apparent from the above citation that, before there can be an election of remedies, there must be two or more remedies between which the party has the right to elect, and that such remedies must be inconsistent. As stated in Redhead Bros. v. Wyoming Cattle Inv. Company, 126 Iowa 410, 102 N. W. 144:

"An election exists only where two or more inconsistent remedies are open to the party and he is at liberty to pursue any one of them. It cannot exist between consistent and concurrent remedies, or between a rightful remedy and one which the party may mistakenly suppose to be applicable."

See, also, Kuhns v. Wisconsin, I. & N. Ry. Co., 76 Iowa 67, 40 N. W. 92; Lemon v. Sigourney Savings Bank, 131 Iowa 79, 108 N. W. 104; Fisk v. City of Keokuk, 144 Iowa 187, 122 N. W. 896; Reinertson v. Struthers, 201 Iowa 1186, 207 N. W. 247; Pickler v. Lanphere, 209 Iowa 910, 227 N. W. 526.

In the case at bar the original petition at law contained allegations in regard to the statements made by appellee through his attorney to the agent of the insurance company to the effect that the insurance was desired to cover the interest of appellee as mortgagee only, regardless of the title holders or their location, and that he did not know the address of the then title holder. These matters were more fully stated in the reply to defendant's answer in the law action. It is apparent from the statements of the original petition and the reply that appellee never based his cause of action upon the entire contract of insurance as set out in the policy as issued, but that he endeavored to plead and prove a cause of action based upon the policy as modified by the statements made to appellant's agent when the insurance was purchased. He attempted to do this by alleging that the provisions of the policy in regard to transfers of title were waived by the appellant, because they were contrary to the instructions given to the appellant's agent as to the character

of insurance appellee required. The policy was introduced in evidence, but, as thus introduced in evidence, it contained the provisions in regard to transfers of title, and the evidence was insufficient to support the appellee's claim of a waiver of these provisions. Appellee's claim at all times has been upon a contract of insurance which should not include the provisions against transfers of title and other insurance. The policy issued did not contain the contract which appellee claimed to have purchased. Even if the conditions of the policy as issued could have been obviated under the statements of the original petition in which it was claimed that they were waived, such relief would not necessarily be inconsistent with the elimination of such conditions by reformation. If, however, the conditions in the policy, which appellee always claimed should not be in it, could not be obviated by a claim of waiver, then the appellee was mistaken in thinking that the relief which he sought could be obtained in an action at law, and his only remedy was by a reformation of the policy as issued by an action in equity. As said in Zimmerman v. Robinson & Co., supra:

"Where but one remedy exists the unavailing effort to enforce another does not constitute an election or estoppel which prevents a resort to the proper action."

II. Appellant further contends that there can be no recovery in this case because the appellee failed to furnish the notice and proofs of loss to defendant within sixty days, as provided by the provisions of the policy. Appellee contends, and we think the evidence sustains this contention, that immediately after the fire he notified the agent of appellant of the loss and asked him to notify the company; that said agent did so notify the appellant company; that, in response to such notice, the appellant company wrote said agent that it denied liability and directed him to so notify the appellee; that the agent of the appellant did so notify the appellee; and that as soon as he was notified that the company denied liability, and, within sixty days from the date of the loss, this action was originally instituted by appellee. As said in Richardson v. Farmers Mutual Hail Ins. Assn., 214 Iowa 30, 241 N. W. 414:

"The rule is well established that a denial by the insurer of all liability under the policy will operate as a waiver of the provisions requiring notice and proofs of loss, or any defects in notice of proofs." See, also, Travelers Ins. Co. v. Farmers Mutual Fire Ins.

1138

Assn., 211 Iowa 1051, 233 N. W. 153; Keane v. Century Fire Ins. Co., 150 Iowa 658, 130 N. W. 724; Washburn-Halligan Coffee Co. v. Merchants Brick Mut. Fire Ins. Co., 110 Iowa 423, 81 N. W. 707, 80 Am. St. Rep. 311.

III. Appellant contends that there can be no reformation because the appellee has failed to show the authority of the appellant's agent to write contracts of insurance or to waive stipulations of the policy as to future intentions of the insured to violate some of the conditions of the policy. The evidence in this case shows that the defendant's agent, Larson, was a soliciting agent, and there is nothing to show that he exercised any powers or had any authority other than is ordinarily possessed by such soliciting agents. It is true, as contended by appellant, that an insurance company is not bound by the knowledge of its soliciting agent as to the future intentions of an insured in regard to violating any of the conditions of a policy, and that a soliciting agent, as such, does not have authority to write contracts of insurance or to waive stipulations in the policy as to future intentions of the insured to violate some of its terms. In the case before us, however, we are not concerned with the soliciting agent's knowledge of the future intentions of the insured, nor with his power to write insurance contracts or waive stipulations in the policy as to future intentions of the insured to violate same. We are here concerned with the reformation of a policy issued by the appellant in response to the request of appellee for a specific kind of insurance, and accepted and paid for by the appellee on the understanding that it complied with the conditions which he specifically stated must be complied with, before the application was made out by appellant's agent. Larson, as agent of the appellant, had the right to make out and forward applications for insurance. As agent of the appellant, in response to the request of appellee for insurance, he undertook to furnish the kind of insurance asked for, and made out an application to the appellant which was not read to or signed by appellee or his agent and attorney, Fackler. That the application made out by Larson did not call for the kind of insurance requested and paid for by appellee does not change the fact that he was the agent of appellant for the purpose of making out applications, and that the appellant is bound by his knowledge as to the conditions imposed by appellee in requesting the issuance of insurance to him. In the case of Smith v. National Fire Insurance Company, 201 Iowa 363, 207 N. W. 334, the legal title to the

insured property was held by a Mrs. Thompson, and the plaintiff was the equitable owner. One Fortune, the soliciting agent of the insurance company, solicited plaintiff to take out a policy that would protect both the plaintiff and Mrs. Thompson, and plaintiff agreed to take a policy that would contain permission for additional insurance. In holding that the company was bound by this condition, and that the plaintiff was entitled to a reformation of the policy, we said:

"Plaintiff agreed to the taking out of such a policy that should contain permission for additional insurance. Fortune knew that such was the policy that plaintiff agreed to take. Defendant issued the policy on such solicitation, and received and holds the premiums. Whether Fortune failed to communicate the condition imposed to the agent who issued the policy, or whether the agent issuing the policy knew of and disregarded the condition is immaterial. The additional insurance clause in the form inserted was so inserted by the negligence or fraud of one or the other. In either case it became the fraud or negligence of the defendant, and it is not material that Fortune was merely a local agent or not a recording agent. He was the defendant's agent through whom the policy was negotiated. The defendant was chargeable with Fortune's knowledge."

See, also, Johnson v. Farmers Ins. Co., 184 Iowa 630, 168 N. W. 264; Erb v. Fidelity Ins. Co., 99 Iowa 727, 69 N. W. 261; Fitchner v. Fidelity Mut. Fire Assn., 103 Iowa 276, 72 N. W. 530; De Bolt v. German American Ins. Co., 181 Iowa 671, 165 N. W. 55.

IV. It is claimed that the evidence in this case is not of that clear, satisfactory, and convincing nature necessary to entitle the appellee to the reformation asked for in his petition. In his substituted petition and amendment thereto, appellee alleged, and we think the evidence sufficient to establish, that appellee, through his attorney and agent, Fackler, went to the office of Larson, who was a soliciting agent for the appellant, for the purpose of procuring insurance to protect the appellee's interest as mortgagee in the property on which he held a mortgage; that neither appellee nor his attorney was familiar with the different kinds of insurance policies or clauses in insurance policies required to accomplish the purpose for which the insurance was desired; that Fackler told the agent of appellant that appellee held a mortgage against the property and desired to protect his interest and his interest alone in such property,

and that the property was trading property and was apt to change hands at any time; that the record showed the name of the owner to be Bernice Hagaman, but that neither appellee nor Fackler knew the residence of said Bernice Hagaman, or whether such a person existed; that appellee desired a policy that would not be affected by subsequent changes of title or subsequent mortgages; and that they left it with the agent of the appellant to secure such policy. The evidence further shows that the agent made out an application which was not submitted to or signed by the appellee or Fackler, but was signed by the appellant's agent alone and sent to the appellant company; that said agent made out an application for insurance in the name of Bernice Hagaman, as owner, with loss payable to appellee as mortgagee as his interest might appear; and that, pursuant to such application, the appellant company issued the policy which it is sought to reform in this action. The evidence further shows that the policy was delivered to Fackler, the agent and attorney for appellee; that appellee paid the premium to appellant; that appellant retained such premium and has not returned or offered to return it to appellee; and that both Fackler and appellee relied upon the agent of the insurance company to procure such policy as had been applied for and never examined the provisions of the policy which was issued and delivered. In Fitchner v. Fidelity Mutual Fire Assn., 103 Iowa 276, 72 N. W. 530, which was an action to reform a policy of fire insurance, in affirming a decree for reformation of such policy, we said:

"Whether a soliciting agent may enter into a contract with reference to insurance is not involved in this case. Doughty was bound to set out the material facts as stated by Laub in the application, and, through a mistake on his part, failed to do so. Under such circumstances, the company is estopped from availing itself of the error in the application in order to defeat recovery. Stone v. Insurance Co. [68 Iowa 737, 28 N. W. 47, 56 Am. Rep. 870], supra; Eggleston v. Insurance Co., 65 Iowa 308, 21 N. W. 652; Reynolds v. Insurance Co., 80 Iowa 563, 46 N. W. 659; Key v. Insurance Co., 77 Iowa 174, 41 N. W. 614; McComb v. Insurance Co. [83 Iowa 247, 48 N. W. 1038], supra. Here the mistake has been carried into the policy. This the company issued on the basis of facts disclosed to the agent, and the conditions as they existed, and of which it is presumed to have knowledge. Having accepted and retained the premium and issued its policy, it is presumed to have intended to do so with ref-

erence to existing conditions known to it; and its failure to do so, while it may have resulted from the mistake of its agent, amounted to a fraud on the plaintiff. That equity will grant relief in such cases is not an open question, see Boetcher v. Insurance Co. [47 Iowa 253], supra; Esch v. Insurance Co., 78 Iowa 334, 43 N. W. 229 [16 Am. St. Rep. 443]; Barnes v. Insurance Co. [75 Iowa 11, 39 N. W. 122, 9 Am. St. Rep. 450], supra; Jamison v. Insurance Co., 85 Iowa 229, 52 N. W. 185."

In our opinion, the evidence, not only of the appellee and his agent and attorney, Fackler, but also of Larson, the agent for the appellant, clearly shows that the failure to make out the application for the insurance requested by appellee is chargeable to appellant's agent, and, under the rule as stated in Fitchner v. Fidelity Mut. Fire Assn., supra, the appellee is entitled to the reformation granted by the trial court. See, also, Smith v. National Fire Ins. Co., supra; Norem v. Iowa Implement Mutual Ins. Assn., 196 Iowa 983, 195 N. W. 725; Dalton v. Milwaukee Mechanics Ins. Co., 126 Iowa 377, 102 N. W. 120.

 V. Appellant contends that the title to the property covered by the policy was transferred contrary to the terms of the policy and without the knowledge or consent of the insurance company. As we have already seen, however, the knowledge of the appellant's agent as to the conditions to be covered by the policy for which the appellee applied is imputed to and is the knowledge of the appellant. The appellee being entitled to a reformation of the policy, the provision of the policy as issued which would void it because of future transfers of title, is eliminated from the policy as reformed, and appellee's right to recover on the reformed policy is in no way controlled by the condition which was contained in the policy as originally written.

 VI. It is finally claimed by appellant that the appellee cannot recover in this action because the amendment filed by him after the case was remanded was not filed until more than one year after the cause of action accrued and is barred by the limitation contained in the policy. The policy in question contained the following provision:

"No suit or action on this policy for the recovery of any claim thereon shall be sustainable in any court of law or equity, unless

commenced within twelve months next after the right of action for the loss accrues."

The evidence in this case clearly shows that the substituted petition was not filed by the appellee until more than one year after the cause of action had accrued, and, if such substituted petition does set up a new cause of action, such new cause of action would necessarily be barred by the limitation contained in the policy. Appellant contends that the original cause of action was upon the policy as issued, and that the cause of action now sought to be enforced is upon the policy as reformed, and that the policy as reformed is an entirely different contract from the contract contained in the policy as originally issued. We think it incorrect, however, to say that the cause of action upon which plaintiff sought to recover in his original petition was confined to the contract contained in the policy as issued. It is true that plaintiff pleaded this policy and attached a copy of same to his petition. It is equally true, however, that, in his petition and at all times, the plaintiff has claimed that the policy as issued did not contain the contract made by him with the insurance company. In his original petition he alleged that the insurance applied for was such as would cover his interest as mortgagee only, without regard to the ownership of the property or transfers that might take place. The difficulty in appellee's contention on the first trial and appeal was that he tried to avoid the effect of portions of the policy as issued and to establish it as a policy insuring his interest only, without reforming the contract, and the evidence introduced was insufficient to accomplish that result. Appellee's cause of action, both under his original petition and under his substituted petition in equity, consists in his claim against the appellant for the loss which he sustained, and is based on the contract of insurance which he claims the appellant should have issued to him and not upon the policy as issued by appellant. It is the settled policy of the law of this state to allow amendments after the bar of the statute of limitations has arisen, where such amendments do not state a new cause of action, but merely amplify and enlarge a charge made in a prior pleading. Hanson v. Cline, 142 Iowa 187, 118 N. W. 754; Newman v. Covenant Mut. Ins. Assn., 76 Iowa 56, 40 N. W. 87, 1 L. R. A. 659, 14 Am. St. Rep. 196; Hueston v. Preferred Accident Ins. Co., 184 Iowa 408, 168 N. W. 150; Critchlow v. Reliance Mut. Ins. Assn., 198 Iowa 1086, 197 N. W. 318; Travelers Ins. Co. v. Farmers Mutual Fire Ins. Assn., 211 Iowa 1051, 233 N. W.

153; Williamson v. Chicago, R. I. & P. Ry. Co., 84 Iowa 583, 51 N. W. 60; Kuhns v. Wisconsin, I. & N. Ry. Co., 76 Iowa 67, 40 N. W. 92; Plantz v. Kreutzer & Wasem, 192 Iowa 333, 183 N. W. 341. In Travelers Ins. Co. v. Farmers Mutual Fire Ins. Assn., supra, the statute of limitations was pleaded as against the reformation of a policy of insurance, because it was claimed that the amendment asking for reformation set up a new cause of action. In disposing of this contention, we said:

"So far as policy No. 3044 is concerned, the amendment was not a statement of a new cause of action. The right, if any, to reformation of the instrument, was an incident of its original cause of action, and inhered therein as a part of the ultimate remedy to which the plaintiff might be entitled."

We think the substituted petition in equity does not set up a new cause of action and that the plaintiff's right to prosecute this action is not, therefore, barred by the limitation contained in the policy.

Other propositions presented and argued by appellant are controlled by the matters already determined, and it is unnecessary to give them further consideration.

Appellee's motion to strike parts of appellant's abstract, which was submitted with the case, is hereby overruled.

We find no cause for reversal of the decree of the trial court, and such decree is hereby affirmed.—Affirmed.

CLAUSSEN, C. J., and STEVENS, KINDIG, and KINTZINGER, JJ., concur.

EVANS and ALBERT, JJ., dissent.